**RUI KUN HUANG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 06–1820–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

Liu Yu, New York, New York, for Petitioner.

James R. Dedrick, United States Attorney, Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, Tennessee, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. THOMAS J. MESKILL, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Rui Kun Huang, a native and citizen of the People's Republic of China, seeks review of a March 31, 2006 order of the BIA affirming the December 3, 2004 decision of Immigration Judge ("IJ") Alan L. Page, denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Kun Huang,* No. A97 390 883 (B.I.A. March 31, 2006), *aff'g* No. A 97 390 883 (Immig. Ct. N.Y. City Dec. 3, 2004).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004).

■ In *Matter of C–Y–Z–,* 21 I. & N. Dec. 915, 919, 1997 WL 353222 (BIA 1997), the BIA held that spouses of those directly victimized by coercive family planning policies are *per se* eligible for asylum. The BIA later limited that holding to include only applicants who were "legally married under Chinese law" at the time that the persecution occurred. *Matter of S–L–L–,* 24 I. & N. Dec. 1, 10, 2006 WL 3337624 (BIA 2006). While an unmarried applicant like Huang could demonstrate past persecution *arising from the context* of a partner's forced abortion or sterilization, to do so he would have to show: (1) "other resistance" to China's coercive family planning

policy; and (2) that he "suffered harm amounting to persecution on account of that resistance." *Id.* Because Huang was not eligible for asylum based solely on his assertion that his girlfriend had undergone a forced abortion, the IJ properly determined that the crux of Huang's claim depended upon the credibility and weight of his testimony concerning his resistance to the family planning officials.

■ We find that the IJ's adverse credibility determination was supported by substantial evidence. During his asylum hearing, Huang testified that he had hit a family planning official, that the official had hit Huang in return, and that the officials then "called the police." However, the credible fear worksheet omits any mention of this altercation and only states that Huang "complained to [the officials] about the abortion and the fine they wanted [the couple] to pay." This omission goes to the heart of Huang's claim that he suffered persecution on account of his altercation with the family planning officials, and is substantial when measured against the entire record, thereby supporting the IJ's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Moreover, when questioned as to the discrepancy between his testimony and the credible fear worksheet, Huang stated only, "[I]f they asked me, I definitely said it . . . whenever they asked me questions, that's what I answered." Because no reasonable factfinder would be compelled to credit this explanation, the IJ did not err in using this omission to support his adverse credibility finding. *Majidi v. Gonzales,* 430 F.3d 77, 79–80 (2d Cir.2005).

■ Huang's argument that the IJ unduly relied on his "airport interview" is unavailing. The IJ did not rely on discrepancies between an airport interview and Huang's testimony, but instead relied on discrepancies between Huang's testimony and the record of his credible fear interview. Huang confirmed at the hearing that he told the asylum officer the truth, and that his statement was not the result of mistreatment or coercion. Furthermore, the credible fear worksheet appears to be a summary of the asylum officer's clear and detailed interview notes, which were written out in the form of questions asked by the asylum officer and answers given by Huang. Thus, the IJ was entitled to rely on the credible fear interview. *Diallo v. Gonzales,* 445 F.3d 624, 632 (2d Cir.2006) (stating that the record of an asylum interview may be relied on as a basis for an adverse credibility determination, as long as it contains a "meaningful, clear, and reliable summary of the statements made by the applicant at the interview").

The IJ's adverse credibility determination was further supported by the DHS Forensic Document Examiner's determination that Huang's resident identification cards were "counterfeit." In *Matter of O– D–,* 21 I. & N. Dec. 1079, 1082, 1998 WL 24904 (BIA 1998), the BIA held that an asylum applicant's presentation of a counterfeit document, submitted to prove identity, generally indicated a lack of credibility. The IJ, therefore, reasonably relied on the forensic report in finding that Huang's testimony lacked credibility.

■ Because the only evidence of a threat to Huang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). Finally, we find that Huang's CAT claim was waived because he failed to raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Accordingly, Huang's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).